# EXHIBIT A

CONT.



PLAINTIFF'S
EXHIBIT

05-06-2006

Loan No. 52-9930000



## GENERAL GUARANTY

(Real Estate Secured Loan)

TO:    INDYMAC BANK, F.S.B.

THIS GENERAL GUARANTY ("Guaranty"), dated May 06th, 2006, is made by GANESAN VISVABHARATHY AND HAWTHORNE ORLANDO CORPORATION, a Florida corporation (individually and collectively the "Guarantor"), in favor of INDYMAC BANK, F.S.B. (the "Lender"), and is executed pursuant to the Building Loan Agreement dated as of the date of this Guaranty between the Lender and HAWTHORNE GRANDE LIMITED PARTNERSHIP, a Florida limited partnership (the "Borrower") (such Building Loan Agreement, as it may from time to time be supplemented, modified and amended, being referred to in this Guaranty as the "Agreement"), the provisions of which are incorporated in this Guaranty by reference. The Agreement provides, among other things, for rules of construction which apply to this Guaranty. Capitalized terms used in this Guaranty and not otherwise defined are used with the meanings set forth in the Agreement.

Subject to the terms and conditions set forth in the Agreement, the Lender has agreed to make a loan to the Borrower in the amount of $46,295,000.00 (the "Loan") to finance the real estate project of the Borrower known as Hawthorne Grande (the "Project"). The Loan will be secured by a Mortgage executed by the Borrower with respect to the Project. As a condition of the obligation of the Lender to make the Loan, the Guarantor is required to execute and deliver to the Lender this Guaranty.

To induce the Lender to make the Loan and for other valuable consideration, the Guarantor agrees as follows:

1.    <u>Guaranteed Obligations</u>. The Guarantor absolutely and unconditionally guarantees the punctual and complete payment and performance when due (whether at the stated maturity, by acceleration or otherwise) of the following (the "Guaranteed Obligations"): (a) all present and future indebtedness evidenced by the Note dated the date of this Guaranty in the face principal amount of $46,295,000.00 executed by the Borrower to the order of the Lender, including principal, interest and all other amounts payable under the terms of the Note; and (b) all other present and future obligations of the Borrower to the Lender under the Loan Documents (including any Environmental Indemnity executed by the Borrower in favor of the Lender and obligations in respect of Letters of Credit and Set Aside letters); in each case as such indebtedness and other obligations may from time to time be supplemented, modified, amended, renewed and extended, whether evidenced by new or additional Documents or resulting in a change in the interest rate on any indebtedness or otherwise. Upon the occurrence of any Event of Default, all Guaranteed Obligations shall, at the option of the Lender, immediately become due and payable by the Guarantor without protest, presentment, notice of dishonor, demand or further notice of any kind, all of which are expressly waived by the Guarantor, and irrespective of whether any Guaranteed Obligations have then become due and payable by the Borrower or any other Loan Party (each of the Borrower and any other Loan Party other than the Guarantor being referred to in this Guaranty as an "other Loan Party").

2.    Nature of Guaranty.    This Guaranty is a guaranty of payment and performance and not of collection and applies to all Guaranteed Obligations, whether existing now or in the future, including (a) interest and other Guaranteed Obligations arising or accruing after bankruptcy of any Loan Party or any sale or other disposition of any security for this Guaranty or for the obligations of any other Loan Party (any such security being referred to in this Guaranty as the "Security"), and (b) any Guaranteed Obligations that survive repayment of the Loan. This Guaranty and any Security for this Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment or performance of any Guaranteed Obligations is rescinded or must otherwise be returned by the Lender or any other Person upon the bankruptcy, insolvency or reorganization of any Loan Party or otherwise, all as though such payment or performance had not occurred. The Guarantor shall have no authority, and hereby waives any right, to revoke this Guaranty, but if any purported revocation shall be deemed to have occurred by operation of law or otherwise, the provisions of this Guaranty shall continue to apply notwithstanding such revocation.

3.    Obligations Independent.    The obligations of the Guarantor under this Guaranty are independent of the obligations of any other Loan Party under the Loan Documents (such obligations of any other Loan Party, including the Borrower's obligations in respect of the Guaranteed Obligations, being referred to in this Guaranty as the "Other Obligations") and any Security, and the enforceability of any Security for this Guaranty is likewise independent of any such Other Obligations and any other Security. The Lender may bring action against the Guarantor and otherwise enforce this Guaranty or any Security for this Guaranty without bringing action against any other Loan Party or joining any other Loan Party in any action against the Guarantor, and otherwise independently of any other Remedy that may be available to the Lender at any time with respect to any Other Obligations or Security. The Guarantor waives any right to require the Lender at any time to proceed against any other Loan Party, apply any Security or otherwise enforce, proceed against or exhaust any Other Obligations or Security or pursue any other Remedy in the Lender's power.

4.    Action with Respect to Other Obligations or Security.    The Guarantor authorizes the Lender, without notice or demand and without affecting its liability under or the enforceability of this Guaranty or any Security for this Guaranty, from time to time to:    (a) supplement, modify, amend, renew, extend, accept partial payments or performance on or otherwise change the time, manner or place of payment or performance or the interest rate or other terms or the amount of, or release, reconvey, terminate, waive, abandon, subordinate, exchange, substitute, transfer or consent to the transfer of or enter into or give any other agreement, approval, waiver or consent with respect to or in exchange for any Other Obligations or Security or any of the Loan Documents; (b) receive and hold additional Security or guaranties; (c) release any other Loan Party from any personal liability with respect to any Other Obligations and participate in any bankruptcy or reorganization of any other Loan Party in such manner as the Lender may determine; and (d) accelerate, settle, compromise, compound, sue for, collect or otherwise liquidate, enforce or deal with any Other Obligations or Security (including judicial or nonjudicial sale or other disposition of any Security), bid and purchase at any sale or other disposition of any Security and apply any Security and any proceeds or other payments received by the Lender, in each case in such order and manner as the Lender may determine.

5.    Waiver of Defenses.    The Guarantor waives any defense to the enforcement of this Guaranty or any Security for this Guaranty arising by reason of:

2

(a) any present or future Laws or orders affecting the terms of, or the Lender's Remedies with respect to, any Other Obligations or Security; (b) the absence or cessation of personal liability of any other Loan Party with respect to any Other Obligations; (c) the failure of any other Person to execute this Guaranty or any other guaranty or agreement; (d) the failure of any Loan Party to properly execute any Loan Document or otherwise comply with applicable legal formalities; (e) the unenforceability or invalidity of any Other Obligations or Security or the lack of perfection or failure of priority or any other loss or impairment of any Security; (f) any discharge or release of any other Loan Party or any Other Obligations or Security or any impairment or suspension of any Remedies of the Lender, whether resulting from any act or omission of the Lender or any other Person or by operation of law or otherwise; (g) any bankruptcy, insolvency or reorganization of any Loan Party or any disability or other defense of any other Loan Party with respect to any Other Obligations or Security; (h) any failure of the Lender to disclose to the Guarantor any information relating to the financial condition, operations, properties or prospects of any other Loan Party now or in the future known to the Lender (the Guarantor waiving any duty on the part of the Lender to disclose such information); (i) any failure of the Lender to monitor proper application of loan funds or compliance with the Loan Documents, or to preserve, insure or protect any Security or any subrogation, contribution or reimbursement rights of the Guarantor; (j) any application of proceeds or payments received by the Lender to obligations other than the Guaranteed Obligations; (k) any other action by the Lender, whether authorized by §.4 or otherwise; or any omission by the Lender or other failure of the Lender to pursue, or any delay in pursuing, any other Remedy in the Lender's power; or (l) any defense arising from a claim that the obligations of the Guarantor are greater than those of the Borrower or any other Loan Party. Guarantor waives all rights and defenses arising out of any election of remedies by the Lender, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for a guaranteed obligation, has destroyed the Guarantor's rights of subrogation and reimbursement against the principal by the operation of principles of subrogation, contribution, indemnification or otherwise.

The Guarantor waives all rights and defenses that the Guarantor may have because the Borrower's debt is secured by real property. This means, among other things:

1. The Lender may collect from the Guarantor without first foreclosing on any real or personal property collateral pledged by the Borrower.

2. If Lender forecloses on any real property collateral pledged by the Borrower:

(A) The amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

(B) The Lender may collect from the Guarantor even if the Lender, by foreclosing on the real property collateral, has destroyed any right the Guarantor may have to collect from the Borrower.

This is an unconditional and irrevocable waiver of any rights and defenses the Guarantor may have because the Borrower's debt is secured by real property.

The Guarantor further waives: (i) any defense to the recovery by the Lender against the Guarantor of any deficiency or otherwise to the enforcement of this Guaranty or any Security for this Guaranty after a nonjudicial sale or other disposition of any Security for any Other Obligations that is determined, for any reason, to not have been conducted in a commercially reasonable manner, even though, in the case of any such Security subject to the Uniform Commercial Code, such failure may prevent the Guarantor from exercising Reimbursement Rights against any other Loan Party; (ii) any rights, defenses or benefits that are or may be available to the Guarantor by reason of suretyship principles, or comparable provisions of the Laws of any other jurisdiction and all other suretyship defenses it would otherwise have under the Laws of Florida or any other jurisdiction; (iii) all benefits of any statute of limitations affecting the Guarantor's liability under or the enforcement of this Guaranty or any Other Obligations or Security; (iv) all setoffs and counterclaims; (v) promptness, diligence, presentment, demand for performance and protest; (vi) notice of nonperformance, default, acceleration, protest or dishonor; (vii) except for any notice otherwise required by applicable Laws that may not be effectively waived by the Guarantor, notice of sale or other disposition of any Security; and (viii) notice of acceptance of this Guaranty and of the existence, creation or incurring of new or additional Guaranteed Obligations, and all other notices of any kind with respect to any Other Obligations.

6.    Waiver of Reimbursement Rights.    Until all Other Obligations have been paid and performed in full, the Guarantor shall not exercise any rights of subrogation, reimbursement, contribution or indemnification or any similar rights or remedies (collectively, "Reimbursement Rights") against any other Loan Party, and waives any right to enforce any Remedy which the Lender now has or may in the future have against any other Loan Party and any benefit of, and any right to participate in, any Security or Other Obligations now or in the future held by the Lender. If the Guarantor nevertheless receives payment of any amount on account of any such Reimbursement Rights or otherwise in respect of any payment or performance by the Guarantor of any Guaranteed Obligations prior to payment and performance in full of all Other Obligations, such amount shall be held in trust for the benefit of the Lender and immediately paid to the Lender for application to the Other Obligations in such order and manner as the Lender may determine.

7.    Representations of the Guarantor.    The Guarantor represents and warrants to the Lender that:    (a) this Guaranty is executed at the request of the Borrower; (b) the Guarantor has established adequate means of obtaining from any other Loan Parties on a continuing basis information pertaining to, and is now and on a continuing basis will be completely familiar with, the financial condition, operations, properties and prospects of such other Loan Parties; (c) the Guarantor has received and approved copies of all of the other Loan Documents; and (d) no oral promises, assurances, representations or warranties have been made by or on behalf of the Lender to induce the Guarantor to execute and deliver this Guaranty.

8.    Financial Statements and Tax Returns.    Ganesan Visvabharathy hereby agrees to deliver to the Lender, the following: (a) within one hundred twenty (120) days after the end of each fiscal year of Ganesan Visvabharathy for so long as any portion of the Loan is outstanding, Financial Statements for Ganesan Visvabharathy, in form and detail satisfactory to Lender, for and as at the end of each fiscal year, (b) after the end of each quarter for Ganesan Visvabharathy, Financial Statements for and as at the end of such quarter verifying cash liquidity amounts of Ganesan Visvabharathy in form and detail satisfactory to Lender, (c) tax returns including K-1's for Ganesan Visvabharathy

4

within thirty (30) days of filing, and (d) upon request by the Lender from time to time, copies of Financial Statements prepared on behalf of Ganesan Visvabharathy, in each case certified in a manner acceptable to the Lender.

9.    Indemnification by the Guarantor.    Without limitation on any other obligations of the Guarantor or Remedies of the Lender under this Guaranty, the Guarantor shall indemnify, defend and save and hold harmless the Lender from and against, and shall pay on demand, any and all losses, liabilities, damages, costs, expenses and charges (including the reasonable fees and disbursements of the Lender's legal counsel) suffered or incurred by the Lender as a result of (a) any failure of any Guaranteed Obligations to be the legal, valid and binding obligations of the Borrower enforceable against the Borrower in accordance with their terms, except as enforcement may be limited by bankruptcy, insolvency or other similar Laws affecting the rights of creditors generally, or (b) any failure of the Borrower to pay and perform any Guaranteed Obligations in accordance with the terms of such Guaranteed Obligations.

10.    Rights of Setoff.    Upon the occurrence and during the continuance of any Event of Default, the Lender is authorized at any time and from time to time to the fullest extent permitted by applicable Laws, and without notice or demand, to set off and apply any and all deposits (general or special, time or demand, provisional or final) at any time held and other indebtedness at any time owing by the Lender to or for the credit or account of the Guarantor against any and all obligations of the Guarantor under this Guaranty.

11.    Waivers and Amendments.    No supplement to, modification or amendment of, or waiver, consent or approval under, any provision of this Guaranty shall be effective unless in writing and signed by the Lender, and any waiver, consent or approval shall be effective only in the specific instance and for the specific purpose for which given.

12.    Remedies.    Each of the Remedies provided in this Guaranty is cumulative and not exclusive of, and shall not prejudice, any other Remedy provided in this Guaranty or by applicable Laws or under any other Loan Document. Each Remedy may be exercised from time to time as often as deemed necessary by the Lender, and in such order and manner as the Lender may determine. No failure or delay on the part of the Lender in exercising any Remedy shall operate as a waiver of such Remedy; nor shall any single or partial exercise of any Remedy preclude any other or further exercise of such Remedy or of any other Remedy.

13.    Costs and Expenses.    The Guarantor shall pay to the Lender on demand all costs, expenses and charges of the Lender in connection with the enforcement of, or the exercise of any Remedy or any other action taken by the Lender under or in connection with, this Guaranty or any Guaranteed Obligations, including the reasonable fees and disbursements of the Lender's legal counsel and other out-of-pocket expenses.

14.    Notices.    All notices and other communications provided under this Guaranty shall be in writing and mailed or delivered to the Guarantor at the address set forth on the signature page of this Guaranty or at any other address in the State of Florida as may be designated by the Guarantor in a written notice sent to the Lender in accordance with § 7.03 of the Agreement. Any notice or other communication will be effective (a) if given by mail, on the earlier of receipt or the third day after deposit in the

United States mails with first-class postage prepaid, or (b) if given by personal delivery, when delivered.

15.    Binding Agreement. This Guaranty shall be binding on and inure to the benefit of the Guarantor and the Lender and their respective successors and assigns, except that the Guarantor shall have no right to assign any interest under this Guaranty without the prior written consent of the Lender. The Lender may from time to time assign its interest under this Guaranty in whole or in part without notice to or the consent of the Guarantor.

16.    Multiple Guarantors. If more than one Person signs this Guaranty as Guarantor, (a) the term "Guarantor" shall mean each such Person, (b) the obligations of each Guarantor shall be joint, several and independent, and (c) this Guaranty shall be construed and enforced as though each Guarantor executed a separate guaranty on the terms set forth in this Guaranty.

17.    Governing Law. This Guaranty has been delivered in Florida and shall be governed by, construed and enforced in accordance with the laws of Florida.

18.    Time of Essence. Time is of the essence of each and every provision of this Guaranty.

19.    Nature of Waivers. THE GUARANTOR HEREBY ACKNOWLEDGES THAT (A) THE GUARANTOR HAS CONSULTED WITH LEGAL COUNSEL TO UNDERSTAND THE FULL IMPACT OF THE WAIVERS MADE BY THE GUARANTOR PURSUANT TO THIS GUARANTY, INCLUDING THOSE SET FORTH IN §§ 2, 3, 4, 5, 6 AND 20 HEREOF, (B) THE GUARANTOR UNDERSTANDS THE FULL IMPACT OF SUCH WAIVERS, AND (C) SUCH WAIVERS HAVE BEEN KNOWINGLY AND WILLINGLY MADE BY THE GUARANTOR.

20.    Waiver of Jury Trial. EACH OF THE LENDER AND THE GUARANTOR WAIVE TRIAL BY JURY IN ANY ACTION OR OTHER PROCEEDING (INCLUDING COUNTERCLAIMS), WHETHER AT LAW OR EQUITY, BROUGHT BY THE LENDER OR THE GUARANTOR AGAINST THE OTHER ON MATTERS ARISING OUT OF OR IN ANY WAY RELATED TO OR CONNECTED WITH THIS GUARANTY, THE OTHER LOAN DOCUMENTS, THE LOAN OR ANY TRANSACTION CONTEMPLATED BY, OR THE RELATIONSHIP BETWEEN THE LENDER AND THE GUARANTOR OR ANY OTHER LOAN PARTY OR ANY ACTION OR INACTION BY ANY PARTY UNDER, ANY OF THE LOAN DOCUMENTS.

21.    Financial Covenants.    Guarantor acknowledges that Ganesan Visvabharathy's net worth is a significant consideration to Lender in connection with the making of the Loan. Accordingly, so long as any portion of the Loan remains outstanding, Ganesan Visvabharathy covenants and agrees to maintain the following financial capabilities. Any failure by Ganesan Visvabharathy to maintain such financial capabilities shall constitute an Event of Default.

(a)    Tangible net worth of not less than $52,500,000.00 measured annually. Tangible net worth shall mean the excess of Assets over Liabilities, excluding however, from the determination of Assets: (i) all assets that would be classified as intangible assets under GAAP, or such other accounting principles as Lender may find acceptable from time to time, including, without limitation, goodwill (whether representing

6

the excess of cost over book value of assets acquired or otherwise) negative goodwill, patents, trademarks, trade names, copyrights, franchises and deferred charges (including, without limitation, unamortized debt discount and expense, organization costs and research and development costs); and (ii) subordinated debt.

(b)    As of the date hereof and until August 10, 2006, liquid assets of not less than $1,500,000.00. Effective August 10, 2006 and as of the end of each calendar quarter thereafter, liquid assets of not less than $5,000,000.00. Liquid assets shall mean cash or readily marketable public traded securities with an investment grade rating by a nationally recognized rating agency.

(c)    A maximum debt to worth ratio not exceeding 2.0 to 1.0, measured annually. Debt shall mean all debts and monetary obligations of Ganesan Visvabharathy, including contingent obligations, and worth shall be determined as set forth in this section.

"GUARANTOR":

_____
Ganesan Visvabharathy

Hawthorne Orlando Corporation, a Florida corporation

By:_____
        Ganesan Visvabharathy, President

(Corporate Seal)

Address of Guarantor:
101 Burr Ridge Parkway, Suite 306
Burr Ridge, Illinois 60527

87981_2.DOC

7



PLAINTIFF'S
EXHIBIT



July 23, 2007

Hawthorne Grande Limited Partnership          **VIA UPS OVERNIGHT DELIVERY**
101 Burr Ridge Parkway, Suite 306
Burr Ridge, IL 60527

Attn: Dr. Ganesan Visvabharathy

| | Re: | Lender: | IndyMac Bank, F.S.B. |
|---|---|---|---|
| | | Borrower: | Hawthorne Grande Limited Partnership, a Florida limited partnership |
| | | Loan No.: | 52-9930001 |
| | | Loan Balance: | $46,069,227.57 |
| | | Guarantors: | Hawthorne Orlando Corporation, a Florida corporation, and Dr. Ganesan Visvabharathy |

Dear Dr. Visvabharathy:

Please be advised that Hawthorne Grande Limited Partnership (the "Borrower") is in default under the Note, the Mortgage, the Building Loan Agreement and the other documents which evidence and secure the above Loan (collectively the "Loan Documents") by reason of numerous Events of Default, including, without limitation, the following Events of Default:

(a)    Failure by the Borrower to pay the installments of interest due as follows:

May 1, 2007 in the amount of $326,041.96; June 1, 2007 $339,201.26; and July 1, 2007 in the amount of $328,519.01.

By reason of the continuing Events of Default under the Loan, as described above, Lender hereby declares the entire unpaid principal balance of the Note and all accrued and unpaid interests thereon to be due and payable in full. The following amounts are now due and payable under the Note:

| | | |
|---|---|---|
| (i) | Principal balance | $45,069,227.57 |
| (ii) | Interest due (from 4/1/07 to 7/24/07) | 1,245,711.73 |
| (iii) | Late Fees | 188,714.26 |
| (iv) | Inspection Fees | 200.00 |
| (v) | Past Due Legal Fees | 8,557.84 |

Hawthorne Grande Limited Partnership
Attn: Dr. Ganesan Visvabharathy
July 23, 2007
Page 2

| | | |
|---|---|---|
| (vi) | Endorsement Fee | 600.00 |
| (vii) | Reconveyance Fee | 45.00 |
| (viii) | UCC-Filing Fee | 20.00 |
| (ix) | Demand Fee | 25.00 |
| | Total | $46,513,101.40 |

In addition, commencing on July 24, 2007, per diem interest of $14,710.09 (at the Alternate Rate (currently base rate plus 3% per annum or 11 ¾%) as reported in the *Wall Street Journal* on July 23, 2007, but not to exceed 24% per annum) shall accrue on the outstanding principal balance of the Loan.

Funds should be wire transferred to:

IndyMac Bank, F.S.B.

888 E. Walnut Avenue

Pasadena, CA 91101

Account Name:  HBD Payoff Account

Routing Number: 322270288

Account Number: 85-27122-200000

Reference: Code X25QPC1

Loan Number 52-9930001

Borrower Name:  Hawthorne Grande, LP

Capitalized terms used in this letter, but not defined herein, shall have the respective meanings set forth in the Loan Documents.

To the maximum extent provided for under the Loan Documents and under the guarantees executed by the guarantors (the "Guarantors") listed above in favor of Lender, Lender will seek to hold Borrower and the Guarantors liable for payments of the amounts due and owing

Hawthorne Grande Limited Partnership
Attn: Dr. Ganesan Visvabharathy
July 23, 2007
Page 3

to the Lender including, without limitation, the amounts set forth above and attorneys' fees and costs.

Please be advised that the description of the Loan Documents contained in this letter shall not be deemed to limit, amend or modify the terms of or otherwise affect the Loan Documents or any other documents evidencing or securing the Loan. Additionally, any description herein of the specific rights or remedies of the Lender shall not be deemed to limit or exclude any other rights or remedies to which Lender may be or become entitled to under the Loan or the Loan Documents at law, in equity, or otherwise.

This Notice is being sent to you as a courtesy only and shall in no way be deemed to obligate Lender to give you or anyone else any notice of any kind in connection with the Loan Documents or otherwise. Any and all non-waiver provisions in favor of Lender contained in the Loan Documents remain in full force and effect and shall not be deemed to have been waived, in whole or in part, by Lender as a result of the delivery of this letter.

If the Lender does not receive payment in full of the above sums in clear funds within five (5) business days from the date hereof, Lender may, at its option, proceed with any and all rights and remedies that Lender may have, both at law or in equity, against the Borrower, the Guarantors, and the security for the Loan pledged by the Borrower.

Please govern yourself accordingly.

Very truly yours,

IndyMac Bank, F.S.B.

By: _Todd Camp_

Name:  Todd Camp
Title:   First Vice President

# EXHIBIT B

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

SUMMONS IN A CIVIL CASE

INDYMAC BANK, F.S.B,
a Federal Savings Bank

Plaintiff,

V.

GANESAN VISVABHRATHY,
an individual, and HAWTHORNE ORLANDO
CORPORATION, a Florida corporation

Defendants

07CV6224
JUDGE GUZMAN
MAGISTRATE JUDGE BROWN

TO: (Name and address of Defendant)

Hawthorne Orlando Corporation
101 Burr Ridge Pkwy, Ste. 306
Burr Ridge, IL 60527

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gary L. Blackman (ARDC #6187914)
James G. Martignon (ARDC #6277974)
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Ste. 1300
Chicago, IL 60602

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

KRYSTEN COPPOLETTA

(By) DEPUTY CLERK

NOV 0 2 2007

DATE

ClientCaseID: GARY BLACKMAN
Law Firm ID: LEVENFEL


\* 1 6 7 4 1 A \*

CaseReturnDate: 12/5/07

Affidavit of Special Process Server

## UNITED STATES DISTRICT COURT

Case Number 07CV6224

I, MICHAEL P. FEEHAN

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## CORPORATE SERVICE

THAT I SERVED THE WITHIN  SUMMONS AND COMPLAINT
ON THE WITHIN NAMED DEFENDANT  HAWTHORNE ORLANDO CORPORATION
PERSON SERVED JENNY PONTRELLI (ADMIN)
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON 11/9/07

That the sex, race and approximate age of the person whom I left the  SUMMONS AND COMPLAINT
are as follow:

| | | | | | | |
|---|---|---|---|---|---|---|
| Sex | FEMALE | Race | WHITE | Age | 60 | |
| Height | 5'4" | Build | MEDIUM | Hair | BLONDE | |

LOCATION OF SERVICE  **101   BURR RIDGE PKWY #306**
**BURR RIDGE, IL, 60527**

Date Of Service  . 11/9/07         Time of Service  **10:00 AM**

MICHAEL P. FEEHAN                              11/15/2007
**Special Process Server**
P.E.R.C. #129-157466

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

# EXHIBIT C

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

SUMMONS IN A CIVIL CASE

INDYMAC BANK, F.S.B,
a Federal Savings Bank

Plaintiff,

V.

GANESAN VISVABHRATHY,
an individual, and HAWTHORNE ORLANDO
CORPORATION, a Florida corporation

Defendants

CASE NUMBER:

ASS    07CV6224
       JUDGE GUZMAN
DES    MAGISTRATE JUDGE BROWN
MAG

TO: (Name and address of Defendant)

Ganesan Visvabharathy
7529 Ridgewood Ln
Burr Ridge, IL 60527-8022

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gary L. Blackman (ARDC #6187914)
James G. Martignon (ARDC #6277974)
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Ste. 1300
Chicago, IL 60602

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

_____
(By) DEPUTY CLERK

NOV 0 2 2007

_____
DATE

ClientCaseID:  GARY BLACKMUN
Law Firm ID:   LEVENFEL



CaseReturnDate:   12/28/07

**Affidavit of  Special Process Server**

## UNITED STATES DISTRICT COURT

Case Number 07CV6224

I, MICHAEL P. FEEHAN

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## ABODE SERVICE

THAT I SERVED THE WITHIN      SUMMONS AND COMPLAINT

ON THE WITHIN NAMED  DEFENDANT     GANESAN VISVABHRATHY

PERSON SERVED          **SURIYA (WIFE)**

I SERVED A MEMBER OF HOUSEHOLD 13 YEARS OF AGE OR OLDER AT THE DEFENDANTS USUAL PLACE OF ABODE AND INFORMED THAT PERSON OF THE CONTENTS THEREOF AND FURTHER MAILED A COPY OF THE SUMMONS OR PROCESS IN A SEALED ENVELOPE WITH POSTAGE PREPAID TO THE DEFENDANT, AT HIS USUAL PLACE OF ABODE WITHIN TWO BUSINESS DAYS OF THE SERVICE.

UNCOOPERATIVE

That the sex, race and approximate age of the person whom I left the     SUMMONS AND COMPLAINT

are as follow:     **Sex**  FEMALE   **Race**  ARABIC       **Age**  51

**Height**   5'3"       **Build**  MEDIUM       **Hair**  BROWN

LOCATION OF SERVICE      **7529  RIDGEWOOD LANE**
                         **BURR RIDGE, IL, 60527**

Date Of Service:    12/1/07          Time of Service:    9:15 AM          Date Of Mailing    12/2/2007

MICHAEL P. FEEHAN                              12/3/2007

**Special Process Server**
P.E.R.C. #129-157466

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

# EXHIBIT D

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B<br>a Federal Savings Bank, | ) ) ) | |
| Plaintiff, | ) ) | 07 C 6224 |
| vs. | ) ) | Honorable Judge Ronald A. Guzman |
| GANESAN VISVABHARATHY,<br>an individual and HAWTHORNE<br>ORLANDO CORPORATION, a Florida<br>corporation, | ) ) ) ) ) | |
| Defendants | ) | |

### ATTORNEY'S AFFIDAVIT OF DEFAULTED PARTIES

I, James G. Martignon, attorney for Plaintiff, Indymac Bank, F.S.B., hereby certify that the following specific facts are applicable to the above captioned proceeding and brought to the attention of the Court for the purpose of entering judgment hereunder:

1.     The following are the dates the Court obtained jurisdiction over the parties by service of summons, publication or otherwise:

| Defendants | Jurisdiction Date | Method of Service |
|---|---|---|
| Ganesan Visvabharathy | December 1, 2007 | Abode |
| Hawthorne Orlando Corporation | November 9, 2007 | Corporate |

2.     The proofs of service of the foregoing Defendants are attached hereto as Group Exhibit "1" and made a part hereof.

3.     The only appearances and answers which were timely filed are as follows:

| Defendants | Date of Appearance | Date of Answer |
|---|---|---|
| Ganesan Visvabharathy | None | None |
| Hawthorne Orlando Corporation | None | None |

4.    A copy of the court docket dated January 2, 2008 showing no appearance or answers filed by the Defendants is hereto as Exhibit "2".

I, James G. Martignon, attorney at law and counsel for the Plaintiff, hereby certify to the best of my knowledge, the above to be true and correct as of January 2, 2008.


                                                    /s/ James G. Martignon
                                                    James G. Martignon

# EXHIBIT 1

| ClientCaseID: | GARY BLACKMAN | | CaseReturnDate: | 12/5/07 |
| Law Firm ID: | LEVENFEL | | | |



Affidavit of Special Process Server

## UNITED STATES DISTRICT COURT

Case Number 07CV6224

I, MICHAEL P. FEEHAN

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## CORPORATE SERVICE

THAT I SERVED THE WITHIN  SUMMONS AND COMPLAINT
ON THE WITHIN NAMED DEFENDANT  HAWTHORNE ORLANDO CORPORATION
PERSON SERVED  JENNY PONTRELLI (ADMIN)
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON 11/9/07

That the sex, race and approximate age of the person whom I left the  SUMMONS AND COMPLAINT
are as follow:

| | Sex | FEMALE | Race | WHITE | | Age | 60 |
| | Height | 5'4" | Build | MEDIUM | | Hair | BLONDE |

LOCATION OF SERVICE  101  BURR RIDGE PKWY #306
BURR RIDGE, IL, 60527

Date Of Service  : 11/9/07          Time of Service  10:00 AM

MICHAEL P. FEEHAN                                     11/15/2007
**Special Process Server**
P.E.R.C. #129-157466

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

ClientCaseID: GARY BLACKMUN
Law Firm ID: LEVENFEL


\* 7 6 9 6 9 0 A \*

CaseReturnDate: 12/28/07

Affidavit of Special Process Server

# UNITED STATES DISTRICT COURT

Case Number 07CV6224

I, MICHAEL P. FEEHAN

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

# ABODE SERVICE

THAT I SERVED THE WITHIN     SUMMONS AND COMPLAINT
ON THE WITHIN NAMED  DEFENDANT   GANESAN VISVABHRATHY
PERSON SERVED        SURIYA (WIFE)
I SERVED A MEMBER OF HOUSEHOLD 13 YEARS OF AGE OR OLDER AT THE DEFENDANTS USUAL PLACE OF ABODE AND INFORMED THAT PERSON OF THE CONTENTS THEREOF AND FURTHER MAILED A COPY OF THE SUMMONS OR PROCESS IN A SEALED ENVELOPE WITH POSTAGE PREPAID TO THE DEFENDANT, AT HIS USUAL PLACE OF ABODE WITHIN TWO BUSINESS DAYS OF THE SERVICE.

UNCOOPERATIVE

That the sex, race and approximate age of the person whom I left the    SUMMONS AND COMPLAINT
are as follow:   Sex   FEMALE  Race   ARABIC     Age   51
                 Height   5'3"     Build   MEDIUM     Hair   BROWN

LOCATION OF SERVICE      7529  RIDGEWOOD LANE
                         BURR RIDGE, IL, 60527

Date Of Service:   12/1/07          Time of Service:      9:15 AM        Date Of Mailing    12/2/2007

*[signature]*

MICHAEL P. FEEHAN                                                        12/3/2007

Special Process Server
P.E.R.C. #129-157466

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

*[signature]*

# EXHIBIT 2

BROWN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07-cv-06224

Indymac Bank, F.S.B. v. Visvabharathy et al
Assigned to: Honorable Ronald A. Guzman
Demand: $999,000
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 11/02/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Indymac Bank, F.S.B.**
*a Federal Savings Bank*

represented by **Gary Irwin Blackman**
Levenfeld Pearlstein
2 North LaSalle Street
13th Floor
Chicago, IL 60602
(312)346-8380
Email: gblackman@lplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Martignon**
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, IL 60602
(312)346-8380
Email: jmartignon@lplegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ganesan Visvabharathy**
*an individual*

**Defendant**

**Hawthorne Orlando Corporation**
*a Florida Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2007 | 1 | COMPLAINT filed by Indymac Bank, F.S.B. (Exhibits); Filing fee $350. (kw, ) (Entered: 11/06/2007) |
| 11/02/2007 | 2 | CIVIL Cover Sheet. (kw, ) (Entered: 11/06/2007) |

| 11/02/2007 | 3 | ATTORNEY Appearance for Plaintiff by Gary I. Blackman. (kw, ) (Entered: 11/06/2007) |
|---|---|---|
| 11/02/2007 | 4 | ATTORNEY Appearance for Plaintiff by James G. Martignon. (kw, ) (Entered: 11/06/2007) |
| 11/02/2007 | 5 | DISCLOSURE STATEMENT by Indymac Bank, F.S.B. pursuant to Rule 7.1 and Local Rule 3.2 (kw, ) (Entered: 11/06/2007) |
| 11/02/2007 | 7 | SUMMONS Issued as to Defendants Ganesan Visvabharathy (2 different addresses), Hawthorne Orlando Corporation. (kw, ) (Entered: 11/06/2007) |
| 11/05/2007 | 8 | ALIAS Summons Issued as to Hawthorne Orlando Corporation. (kw, ) (Entered: 11/06/2007) |
| 11/15/2007 | 9 | ALIAS Summons Issued as to Hawthorne Orlando Corporation. (lcw, ) (Entered: 11/16/2007) |
| 11/28/2007 | 10 | MINUTE entry before Judge Ronald A. Guzman :The Court orders the parties to appear for an initial status hearing. All parties shall refer to and comply with Judge Guzman's requirements for the initial appearance as outlined in Judge Guzman's case management procedures, which can be found at: www.ilnd.uscourts.gov.Status hearing set for 1/2/2008 at 09:30 AM.Mailed notice (cjg, ) (Entered: 11/28/2007) |
| 12/04/2007 | 11 | SUMMONS Returned Executed by Indymac Bank, F.S.B. as to Hawthorne Orlando Corporation on 11/9/2007, answer due 11/29/2007. (Blackman, Gary) (Entered: 12/04/2007) |
| 12/21/2007 | 12 | MINUTE entry before Judge Ronald A. Guzman :Status hearing set for 1/2/08 is reset to 1/2/08 at 02:00 PM. on Court's own motion. NOTE TIME CHANGE ONLY. Mailed notice (cjg, ) (Entered: 12/21/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/02/2008 09:25:25 | | |
| PACER Login: | lp0214 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:07-cv-06224 |
| Billable Pages: | 1 | Cost: | 0.08 |