UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDYMAC BANK, F.S.B., a Federal Savings Bank, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.  07 C 6224 |
| GANESAN VISVABHARATHY, an individual and HAWTHORNE ORLANDO CORPORATION, a Florida corporation, ) ) ) ) ) | Judge Ronald A. Guzman |
| Defendants. ) | |

### DEFENDANT VISVABHARATHY'S RESPONSE TO MOTION FOR DEFAULT

Defendant Ganesan Visvabharathy responds to the Motion for Default of plaintiff, Indymac Bank, F.S.B. ("Indymac"), as follows:

### Introduction

Indymac moves for an order of default based on its contention that it effected substituted service on defendant Dr. Visvabharathy at his abode. Indymac's motion must be denied because the purported service was not attempted at Dr. Visvabharathy's abode but, rather, at the home of his estranged wife, Dr. Suriya Sastri. Drs. Visvabharathy and Sastri are separated, and Dr. Visvabharathy has not lived in the former marital home for at least a year and a half. Worse, Indymac's process server was told this by Dr. Sastri when he attempted service, yet he not only persisted in attempting substituted service there (after threatening Dr Sastri and her children with harassment), but submitted an affidavit asserting falsely that service was made at Dr. Visvabharathy's "usual place of abode." Indymac's failure to accomplish proper service to Dr. Visvabharathy requires denial of its motion for default.

## Argument

Service of federal process on an individual in the United States is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 4(e)(2), service on an individual is accomplished by (A) delivering process to him personally; (B) leaving process at the individual's "dwelling or usual place of abode" with another individual who resides there; or (C) delivering process to an agent authorized to receive it on behalf of the individual. Fed. R. Civ. P. 4(e)(2).[1] Indymac asserts that it accomplished service on Dr. Visvabharathy, per Rule 4(e)(2)(B), by leaving a copy of process with his wife at Dr. Visvabharathy's "usual place of abode" at 7529 Ridgewood Lane, Burr Ridge, Illinois, on December 1, 2007. (Motion for Default ¶ 3 & Ex. C). Indymac is wrong, because this is not Dr. Visvabharathy's abode, and has not been for at least a year and a half.

Dr. Visvabharathy has not lived at 7529 Ridgewood Lane since at least the summer of 2006. (Affidavit of Suriya Sastri, attached as Exhibit A, ¶ 2; Affidavit of Ganesan Visvabharathy, attached as Exhibit B, ¶ 2). Prior to the summer of 2006, he did reside at that house with his wife, Dr. Suriya Sastri, but permanently moved out as part of their legal separation. (Sastri Aff. ¶ 2; Visvabharathy Aff. ¶ 2). Their divorce proceedings are pending. (Sastri Aff. ¶ 2; Visvabharathy Aff. ¶ 2). When he moved out, Dr. Visvabharathy established his own, separate abode. (Sastri Aff. ¶ 3; Visvabharathy Aff. ¶ 3). Moreover, Dr. Visvabharathy has been traveling abroad in recent months, including during the time of Indymac's alleged service. (Visvabharathy Aff. ¶ 4). Dr. Visvabharathy has not, in fact, received the process in this matter from his wife. (Sastri Aff. ¶ 6; Visvabharathy Aff. ¶ 5).

---

[1] The Federal Rules also authorize service on individuals in accordance with state law governing service of process. Fed. R. Civ. P. 4(e)(1). However, Illinois state law regarding service on individuals is essentially identical to the Federal Rule. *See* 735 ILCS 5/2-203.

The law is clear that leaving process with an estranged spouse at the former marital residence is not sufficient to accomplish substitute service. *Williams v. Capital Transit Co.*, 215 F.2d 487, 489-90 (C.A.D.C. 1954) ("Of course, if the defendant did not in fact reside at [the former marital residence], it was not his 'usual place of abode' even if his wife, from whom he was separated, still resided there."); *Government Employees Ins. Co. v. Jackson*, No. CIV.A. 89-4010, 1995 WL 672830, at *2 (E.D. Pa. Nov. 6, 1995) (holding ineffective plaintiff's service on spouse, from whom defendant was separated) (a copy of this unpublished opinion is attached as Exhibit C); *see also Leigh v. Lynton*, 9 F.R.D. 28 (E.D.N.Y. 1949) (holding service on wife in New York insufficient when defendant husband had returned to live in England). The same result obtains under Illinois law. *Chiaro v. Lemberis*, 171 N.E.2d 81, 85 (Ill. App. Ct. 1960) (noting that "[i]t is elementary law that where substituted service is attempted to be made under the statutory provisions, those provisions must be observed to the very letter," and holding that substituted service was not effective when made on defendant's wife, from whom he was separated, because they no longer shared an abode).

Not only was Indymac's attempted service ineffective in light of the above facts, but its own submission fails to substantiate even a *prima facie* case that it made proper substituted service. The only assertion that the place of attempted substituted service was proper is the offhand and formulaic recitation in the affidavit of Indymac's process server that he served a member of the household "at the defendants [*sic*] usual place of abode." (Ex. C to Motion for Default). However, as Illinois courts have noted, such an assertion is outside the personal knowledge of a process server, and so cannot even be treated as evidence. *Chiaro*, 171 N.E.2d at 85. Accordingly, affidavits challenging this assertion of abode are to be taken as true (subject to counteraffidavits supporting the initial assertion). *Id.* (reversing failure to vacate default due to

3

improper substituted service) *see also Williams*, 215 F.2d at 490 (plaintiff was required to present counter-evidence of abode in light of affidavits proffered by defendant showing that he was separated from his wife and did not reside where he was purportedly served); *Government Employees Ins. Co.*, 1995 WL 672830, at *2 (absent evidence that defendant lived at address where process was sent, service was ineffective). Here, Indymac has provided no substantiation for its process server's assertion that 7529 Ridgewood Lane is Dr. Visvabharathy's "usual place of abode," while the only proper evidence of record demonstrates that his assertion is false.

The situation here is actually worse than that in *Chiaro*, *Williams*, and *Government Employees Ins.Co.*, where the assertion of abode was presumably made in good faith. When Indymac's process server first came to Dr. Sastri's home, she told him that Dr. Visvabharathy no longer lived there. (Sastri Aff. ¶ 4). Rather than do the requisite investigation and pursue proper service, Indymac's process server first threatened Dr. Sastri with harassment – saying that he would cause service to be made late at night and that he would seek information about Dr. Visvabharathy from their children – and then lied to her – saying that the Court had specifically ordered that service be made at her home. (*Id.* ¶ 4). On a subsequent visit, he left process at her door, even after she told him again that Dr. Visvabharathy no longer lived there. (*Id.* ¶ 5).

The process server's sworn assertion that 7529 Ridgewood Lane is Dr. Visvabharathy's "usual place of abode," despite having been informed to the contrary, is therefore not only false, but also made in bad faith. Indymac's failure to disclose any of this to the Court (aside, arguably, from the one-word notation in its process server's affidavit: "uncooperative") only compounds its inappropriate conduct.

In all events, the affidavits submitted by Drs. Visvabharathy and Sastri establish that Indymac has not effectively served Dr. Visvabharathy, and therefore no order of default should

be entered.

## Conclusion

WHEREFORE, defendant Ganesan Visvabharathy respectfully requests that this Court deny the motion of plaintiff Indymac Bank, F.S.B. for default, and award such other and further relief as the Court deems proper.

Dated: February 14, 2008            Respectfully submitted,

                                        GANESAN VISVABHARATHY


                                        By: _s/ Daniel A. Shmikler_
                                                      One of his attorneys

Bruce S. Sperling
Daniel A. Shmikler
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois  60603
(312) 641-3200
(312) 641-6492 (fax)

# EXHIBIT A

## AFFIDAVIT OF SURIYA V. SASTRI

1. I am over the age of 21. I make this affidavit based on my personal knowledge.

2. I reside at 7529 Ridgeweood Lane, Burr Ridge, Illinois. My husband, Dr. Ganesan Visvabharathy, has not lived there since at least the summer of 2006. Prior to the summer of 2006, he did reside there with me, but permanently moved out as part of our separation. Divorce proceedings are pending.

3. It is my understanding that, when he moved out, Dr. Visvabharathy established his own separate abode.

4. In November 2007, a man came to my residence asking for Dr. Visvabharathy. I told him that Dr. Visvabharathy no longer lived there. He then said that he was a process server, there to serve legal papers on Dr. Visvabharathy, and threatened to have the police serve the papers at midnight. I responded that, no matter what time anyone came for Dr. Visvabharathy, they would not find him at my residence, because he did not live there anymore. The server also threatened to harass my children for information about Dr. Visvabharathy. The server left without attempting to give me any papers at that time.

5. On December 1, 2007, the process server returned to my residence, again asking for Dr. Visvabharathy. I again told him that Dr. Visvabharathy did not live there. The server responded that the judge had ordered that papers be served at my residence and, when I would not accept them, he left the papers at my front door.

6. I have not given Dr. Visvabharathy any of the papers left by the process server.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 13, 2008

_____
Suriya V. Sastri

# EXHIBIT B

## AFFIDAVIT OF GANESAN VISVABHARATHY

1. I am over the age of 21. I make this affidavit based on my personal knowledge.

2. I have not lived at 7529 Ridgewood Lane, Burr Ridge, Illinois since at least the summer of 2006. Prior to the summer of 2006, I did reside at that house with my wife, Dr. Suriya Sastri, but permanently moved out as part of our separation. Divorce proceedings are pending.

3. When I left Dr. Sastri's residence, I established my own separate abode.

4. I have been traveling abroad for the past several months, beginning in about October 2007.

5. Dr. Sastri has not provided me with any complaint or other legal pleading related to any lawsuit by Indymac against me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 14, 2008

_____
Ganesan Visvabharathy

# EXHIBIT C

Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1995 WL 672830 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

H
Government Employees Ins. Co. v. Jackson
E.D.Pa.,1995.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
v.
Rashelle JACKSON and Leroy A. Jackson.
No. CIV.A. 89-4010.

Nov. 6, 1995.

MEMORANDUM ORDER

WALDMAN.

*1 Presently before the court is defendant Rashelle Jackson's Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(4) on the grounds that the court lacked subject matter and personal jurisdiction to enter a default judgment against her on April 24, 1990.

Absent a "clear usurpation of power," a judgment sustaining subject matter jurisdiction has res judicata effect as to collateral challenges to such jurisdiction even if the jurisdictional issue was not actually presented in the earlier proceeding. *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 377-78 (1940); *Nemaizer v. Baker,* 793 F.2d 58, 64-65 (2d Cir.1986); *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 649 (1st Cir.1972); *Vecchione v. Wohlgemuth,* 426 F.Supp. 1297, 1307-09 (E.D.Pa.), *aff'd,*558 F.2d 150 (3d Cir.), *cert. denied,*434 U.S. 943 (1977). A default judgment constitutes an implicit ruling on subject matter jurisdiction and an erroneous determination does not make the judgment void under Rule 60(b)(4). *Malone v. General Elec. Credit Corp.,* 1992 WL 610515, at *4 (S.D.Miss. Sept. 8, 1992) (court implicitly determined subject matter jurisdiction by entering a default judgment which, though possibly erroneous, is not open to collateral attack); *Metropolitan Life Ins. Co. v. Cammon,* 1990 WL 44687, at *7 (N.D. Ill. April 6, 1990)(potentially improper determination of diversity jurisdiction did not render default judgment void), *aff'd,*929 F.2d 1220 (7th Cir.1991); *Honneus v. Donovan,* 93 F.R.D. 433, 436-37 (D.Mass.)(that district court's implicit determination that it had subject matter jurisdiction when entering default judgment may have been erroneous does not render judgment void under Rule 60(b)(4)), *aff'd,*691 F.2d 1 (1st Cir.1982).

When diversity jurisdiction is sufficiently, even if improperly, alleged, the court has not "clearly usurped" its powers and a default judgment is not void. *Honneus v. Donovan,* 691 F.2d 1, 2 (1st Cir.1982); *Malone,* 1992 WL 610515, at *4. *See also Cripps v. Life Ins. Co. of North America,* 980 F.2d 1261, 1267 (9th Cir.1992); *Duncan v. Lord,* 409 F.Supp. 687, 692 (E.D.Pa.1976) (same). Plaintiff in this case plainly alleged diversity of citizenship and a requisite amount in controversy.

Movant's assertions regarding personal jurisdiction are another matter. A defaulting defendant does not waive any objections based on lack of personal jurisdiction, *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525 (1931), and there is no time limit for making such an objection after a default. *Orner v. Shalala,* 30 F.3d 1307, 1310 (10th Cir.1994); *Hertz Corp. v. Alamo Rent-A-Car, Inc.,* 16 F.3d 1126, 1130 (11th Cir.1994); *Austin v. Smith,* 312 F.2d 337, 343 (D.C.Cir.1962).

Movant claims that she was never served with the summons or a copy of the complaint in this case pursuant to Fed.R.Civ.P. 4. It is elemental that effective service of process is a jurisdictional prerequisite and if a defendant is not properly made a party to the action by effective service, she is not bound by any judgment rendered. *Lampe v. Xouth, Inc.,* 952 F.2d 697, 701 (3d Cir.1991). If movant was not effectively served, the default judgment entered against her is, *a fortiori,* void and should be set aside without regard to factors such as possible prejudice to the plaintiff, the existence of a meritorious defense or defendant's culpable conduct. *Combs v. Nick Garin Trucking,* 825 F.2d 437,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06224   Document 19   Filed 02/14/2008   Page 12 of 14

Not Reported in F.Supp.                                                                                      Page 2
Not Reported in F.Supp., 1995 WL 672830 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

441-2 (D.C.Cir.1987); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985). If the judgment is void, relief is mandatory. *Chambers v. Armontrout*, 16 F.3d 257, 260 (8th Cir.1994); *Combs*, 825 F.2d at 441; *Honneus v. Donovan*, 691 F.2d 1, 2 (1st Cir.1982).

*2 It is unclear from the record whether plaintiff mailed the summons and complaint pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), or hand delivered them pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i) or 4(d)(1) [FN1] (the service rules in effect in 1989). The following pertinent facts, however, are uncontested. Plaintiff attempted to serve defendants Rashelle and Leroy Jackson on July 25, 1989 at 130 East Main Street, Norristown, Pennsylvania. Petitioner was not personally served. Her husband, Leroy Jackson, signed her acknowledgment form.

> FN1. Movant states that plaintiff mailed the summons and complaint. This contention is supported by plaintiff's use of an acknowledgment form which states that "the enclosed summons and complaint are served pursuant to Rule 4(c)(2)(C)(ii)." Other evidence, however, suggests that plaintiff hand-delivered the summons and complaint. The declaration of mailing was left blank on the acknowledgment form, a motion for special appointment to serve process was filed and signed and plaintiff filed an affidavit of service with the court, which was unnecessary if service was mailed pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii).

Movant avers that at the time of service she was separated from her husband and resided at 5450 Wissahickon Avenue in Philadelphia, and that the Norristown address was her husband's office and not her place of business. Plaintiff concedes that it cannot refute movant's version because it has destroyed all relevant records in the intervening five years, and has not requested discovery on the issue. Because there is no competent evidence to show that movant lived or conducted business at the Norristown address, it appears that service under either Fed.R.Civ.P. 4(d)(1)(allowing for service at defendant's "dwelling house or usual place of abode") or Pa. R. Civ. P. 402 (allowing for service at defendant's "residence" or "usual place of business") was ineffective.

If plaintiff mailed the summons and complaint pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), service was effective only if defendant signed and returned the acknowledgement form. *Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 56 (3d Cir.1986). Because the requirements of this rule are strictly construed, *see Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877 (3d Cir.1987); *Stranahan Gear*, 800 F.2d at 56-7, and defendant did not sign and return the requisite acknowledgment form, service would likewise be ineffective under Fed.R.Civ.P. 4(c)(2)(C)(ii). *See Mason v. Genisco Technology Corp.*, 960 F.2d 849 (9th Cir.1992) (service ineffective under Rule 4(c)(2)(C)(ii) where defendant did not sign and return acknowledgment form although his wife signed return receipt).

Plaintiff's contention that movant's estranged husband was authorized to accept service on her behalf is unsupported and unavailing. It is true that a plaintiff may properly serve anyone who is the defendant's "agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(d)(1). There must, however, be proof of an actual appointment for the specific purpose of receiving service of process. *Gerritsen v. Escobar Y Cordova*, 721 F.Supp. 253, 256 (C.D.Cal.1988); *Whisman v. Robbins*, 712 F.Supp. 632, 636 (S.D.Ohio 1988); *Gipson v. Township of Bass River*, 82 F.R.D. 122, 125 (D.N.J.1979). *See also* 4A Charles A Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1097 (2d ed.1987). A mere representation by the recipient that he is authorized to accept service is insufficient to bind a defendant. It must appear that the defendant intended to confer such authority on the recipient. *First American Bank v. United Equity Corp.*, 89 F.R.D. 81, 84 (D.D.C.1981); Wright & Miller, *supra*, at § 1097.

*3 ACCORDINGLY, this day of November, 1995, upon consideration of defendant Rashelle

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1995 WL 672830 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Jackson's Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(4) and plaintiff's response thereto, IT IS HEREBY ORDERED that said Motion is GRANTED and the default judgment entered in the above action on April 24, 1990 against Rashelle Jackson is VACATED.

E.D.Pa.,1995.
Government Employees Ins. Co. v. Jackson
Not Reported in F.Supp., 1995 WL 672830 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Daniel Shmikler, an attorney, hereby certify that on February 14, 2008, I electronically filed a **Defendant Visvabharathy's Response To Motion For Default** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following persons listed below:

> Gary I. Blackman, Esq.
> James G. Martignon, Esq.
> Levenfeld Pearlstein, P.C.
> 2 North LaSalle Street
> Suite 1300
> Chicago, Illinois  60602

> /s/ Daniel A. Shmikler
> Daniel A. Shmikler