UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., a Federal Saving Bank, Plaintiff, | ) | No. 07 C 6224 |
| v. | ) | Honorable Ronald A. Guzman |
| GANESAN VISVABHARATHY, an individual and HAWTHORNE ORLANDO CORPORATION, a Florida corporation, Defendants. | ) | |

**PLAINTIFF'S EVIDENTIARY HEARING**
**BRIEF IN SUPPORT OF ITS MOTION FOR DEFAULT**

Plaintiff, INDYMAC BANK, F.S.B. ("Indymac"), files its Evidentiary Hearing Brief in Support of its Motion for Default and opposing Defendant Ganesan Visvabharathy ("Visvabharathy") Response[1] seeking to quash service, and respectfully states as follows:

**Preliminary Statement**

Ganesan Visvabharathy is a Chicago real estate developer that was sued by Indymac Bank on November 2, 2007, in three separate federal court actions arising from defaulted real estate loans totaling in excess of $93,000,000. The claim before this Court demands more than $48,000,000 from Defendant pursuant to an unconditional personal guaranty signed by him with respect to a loan (the Hawthorne Loan) that went into default in May of 2007. Within a week of the federal court filings, Defendant fled to India where he has been staying with his cousin – a place he now claims was his "permanent residence" when his wife was served with substitute service at their marital home on December 1, 2007.

[1] Simultaneous with the filing of this Evidentiary Hearing Brief, and for the convenience and reference of the Court, Indymac has also provided courtesy copies of Indymac's Motion for Default, Visvabharathy's Response, and Indymac's Preliminary Reply.

As confirmed in the deposition testimony of both Defendant and his wife (Suriya Sastri), when he left the country, Defendant is also a defendant in a case in which he owed a creditor $75,000 pursuant to an agreed order (Lisle Technology); owes Private Bank $16,000,000 to $18,000,000; owes Fifth Third Bank approximately $1,000,000; owes Amerimark Bank approximately $3,000,000, owes his wife approximately $250,000 in unpaid child support and maintenance and has had restraining orders entered against him by the Court before which his divorce is pending.

The singular issue before this Court is whether Defendant's marital home, located at 7529 Ridgewood Lane, Burr Ridge, Illinois ("Marital Home"), was a legal place of abode such that the service of Summons and Complaint on his wife at that residence constituted proper service. As testified to by Defendant, he had no home or residence in the United States on December 1, 2007 (having moved out of an apartment where he was allegedly temporarily living prior to December 1, 2007). It is Defendant's burden to establish that his cousin's home - at which he admits he was only living at for approximately three weeks prior to the date of service (and not paying rent, utilities or expenses) constitutes his "permanent residence."

The Affidavit of Suriya Sastri, submitted by Defendant, is not supported by Ms. Sastri's own deposition testimony. All the Sastri Affidavit does is state that at some point prior to December 1, 2007, the parties had been separated and Defendant was living elsewhere. Mrs. Sastri has no personal knowledge as to whether the Defendant had, in fact, established a "permanent residence" anywhere outside of the United States on December 1, 2007. To the contrary, her testimony confirms that on the date of service she did not believe that her husband had established a permanent residence elsewhere; had been told by him that he would be returning to the United States; that their Marital Home was owned by them jointly (and had been

refinanced in May of 2007); that her husband had been paying household expenses; and that the home was the place where he came to visit his children and pick up his mail.

The only "evidence" submitted by Defendant himself is his statement that he permanently moved to India approximately three weeks prior to the date of service where he is living with a family member and the submissions of various receipts for the purchases of appliances in India for use at his cousins home. ***Defendant has submitted no tax returns; no leases, no cancelled checks, no postal forwarding documents; no drivers licenses or any other easily obtainable proof that he had established a permanent residence anywhere other than the Marital Home.*** To the contrary the facts are undisputed that the Post Office shows Defendant has not forwarded his mail; that Defendant went to his home to visit his children and wife and pick up his mail; owned half the home which he recently refinanced; is keeping his personal belongings, including clothing and furniture, at the home, and is keeping his car at his place of business in Chicago for use upon his return. Add to this the fact that Defendant cannot explain his hasty departure from the United States, and his wife's under oath testimony that she did not believe him to have moved permanently, and this Court can easily conclude that Defendant's burden has not been met.

## Factual Background

Visvabharathy is a United States citizen. See Transcript of Visvabharathy Deposition, April 10, 2008 ("Vis. Tr."), Pg. 15, attached as Exhibit 1. He is also a citizen of the State of Illinois, and his last known address is 7529 Ridgewood Lane, Burr Ridge, Illinois 60527. See also, *Request for Change of Address from Postmaster*, ("Postmaster Aff."), (confirming Marital Home as Visvabharathy's mailing address), attached as Exhibit 2. Visvabharathy is also the

President of Defendant Hawthorne Orlando Corporation ("HOC"), as well as a real estate developer with on-going projects in Chicago. See Vis. Tr., Pgs. 44-46.

*Loan and Guaranty*

On or about May 6, 2006, Indymac extended a loan to Hawthorne Grande Limited Partnership ("Hawthorne Grande"), one of Visvabharathy's businesses, in the principal amount of $46,295,000 (the "Loan").[2] Both Visvabharathy and HOC guarantied repayment of the Loan. Pursuant to Paragraph 5 of the Guaranty, Visvabharathy waived all defenses. On May 1, 2007, Hawthorne Grande defaulted on the Loan. Neither Visvabharathy nor HOC cured the default, and, on July 23, 2007, Indymac accelerated all amounts due and owing under the Loan and Guaranty.

*Marital Home*

At the time of the execution of the Loan and Guaranty, Visvabharathy lived with his wife, Suriya Sastri ("Sastri"), and their three children at the Marital Home, which they jointly own as tenants by the entirety. See, *Real Property Transaction Record*, attached as Exhibit 3. See also Vis. Tr., Pg. 5. Visvabharathy represents that he lived in the Marital Home until summer 2006, even though his wife filed for divorce in February, 2006. *Id.* at 5-6. Though a divorce proceeding is allegedly pending,[3] Visvabharathy and his wife remain married. Mrs. Sastri also invoked spousal privilege a number of times during her deposition to refuse to answer

[2] Indymac and its affiliate also extended loans, guarantied by Visvabharathy, to another one of his businesses. Those loans are also in default, with approximately $45 million due and owing, and are the subject of cases pending before Judge Anderson, Case No. 07-CV-6219 ("Case 6219") and Judge Gottschall, Case No. 07-CV-6226 ("Case 6226"). On February 5, 2008, Judge Anderson entered judgment against Visvabharathy for $10,348,488.62 due to his failure to timely answer in that case.

[3] The Divorce Court action is pending in the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division, Case No. 06 D 530086.

certain questions. See, Deposition Transcript of Suriya Sastri, April 8, 2008 ("Sastri Tr."), Pgs. 67-69, 87-90. A copy of the Sastri Transcript is attached as Exhibit 4.

Neither Visvabharathy nor his wife have provided documentary evidence that he permanently moved out of the Marital Home, and Mrs. Sastri ignored a subpoena requiring her to produce documents from which statements in her affidavit could be verified. See Sastri Tr., Pgs. 39-41, 50-52 (stating that documents might exist, but that she did not bring them to the deposition).[4] See also, *Indymac's Subpoena to Mrs. Sastri*, attached as Exhibit 5.

Nor have Visvabharathy and his wife corrected the public record regarding his residence as reflected by Orders entered by the Divorce Court, including during and after summer 2006, stating that Visvabharathy resides at the Marital Home and making him responsible for his share of Marital Home expenses including real estate taxes, homeowners insurance, gas, electricity and telephone bills for the Marital Home. *See, e.g.*, June 29, 2006 Divorce Court Order ("6/29/06 Order") (acknowledging that Visvabharathy resides at Marital Home and that he will pay Marital Home expenses); November 2, 2006 Divorce Court Order ("11/2/06 Order") (ordering Visvabharathy to pay $12,000 per month for November and December 2006 as and for his contribution to Marital Home expenses). Copies of the 6/29/06 Order and 11/2/06 Order are attached as Exhibits 6 and 7. See also Sastri Tr., Pg. 120 (confirming that they did not inform the Divorce Court that Visvabharathy moved out).

Visvabharathy and his wife have also continued to hold out to the public that the Marital Home is Visvabharathy's residence, including by failing to change his mailing address and by failing to remove the utility bills from his name. See Postmaster's Affidavit (confirming Marital

[4] Mrs. Sastri was well aware of the subpoena requiring her to produce documents supporting her affidavit. Sastri Tr., Pg. 37 (confirmation by Sastri's attorney that she was aware of all four categories of documents requested by subpoena).

Home as Visvabharathy's address and that he still receives mail there); Sastri Tr., Pgs. 16-17 (confirming to process server that Visvabharathy still receives mail at the Marital Home); Sastri Tr., Pgs. 59-63 (confirming that Visvabharathy continues to receive mail at the Marital Home, including investment checks and mail of a personal nature, and that Sastri forwards mail to his office or makes arrangements with it to pick up his mail)[5]; Sastri Tr., Pgs. 47-49 (confirming that utility bills remain in Visvabharathy's or their joint name). In addition, when Visvabharathy moved out of the Marital Home, he took only his immediate necessities and left a number of personal items, including "old clothes," books, other personal items, and their jointly owned furniture that he may later claim. Sastri Tr., p 81-84.

*La Grange Apartment*

Visvabharathy also claims that in summer 2006 until October 2007, he moved out of the Marital Home and established a new abode by renting an apartment at 400 South Catherine Street, La Grange, Illinois ("La Grange Apartment"), although he returned to the Marital Home in December 2006-January 2007 to watch the children while his wife traveled to India. Neither Visvabharathy nor his wife reported the La Grange Apartment to the Divorce Court. Nor does Mrs. Sastri recall ever having been to the apartment. Sastri Tr., Pg. 54. While Visvabharathy claims to have had a written lease for the La Grange Apartment, he chose not to produce a copy. Instead, he submitted as part of his March 13, 2008 Affidavit ("3/13/08 Affidavit"), filed in Case 6226, an electric bill and satellite television bill addressed to him at the La Grange address in September and in October 2007. A copy of Visvabharathy's 3/13/08 Affidavit is attached as Exhibit 8.

[5] Mrs. Sastri also testified that as of the date of her deposition, there was mail for Visvabharathy at the Marital Home, but she failed to produce it as ordered by Plaintiff's subpoena to her. Sastri Tr., p 77-78.

*Visvabharathy and Wife Refinance the Marital Home*

On May 9, 2007, Visvabharathy and his wife refinanced the Marital Home to pay off loans coming due for which they were jointly liable. See Exhibit 9. While Mrs. Sastri failed to provide full documentation for the transaction, both she and Visvabharathy signed the loan application. Sastri Tr., Pg. 57.

*Indymac Lawsuit Filed*

On November 2, 2007, shortly after negotiations between Indymac and Visvabharathy regarding his default failed, Indymac filed the Complaint. On December 1, 2007, the process server served the Complaint and Summons on Mrs. Sastri at the Marital Home. While Visvabharathy and his wife initially claimed in the Affidavits that she did not give him the Summons and Complaint; 2/14/08 Aff, ¶5; Sastri Aff, ¶6; Sastri admitted that she informed him of the Complaint and Summons and, ***at his direction***, provided them to Michael Collins, an attorney for Visvabharathy's family and businesses. Sastri Tr., Pgs. 70-77. Copies of Visvabharathy's 2/14/08 Affidavit and Sastri's Affidavit are attached as Exhibits 10 and 11.

*Visvabharathy Flees to India*

In the interim between the filing of the Complaint on November 2, 2007, and the service at the Marital Home on December 1, 2007, Visvabharathy traveled to India on or about November 10, 2007, although he has offered conflicting representations of his whereabouts during this period.

Originally, Visvabharathy conclusorily represented that he had been traveling abroad for several months beginning in about October 2007. 2/14/08 Aff., ¶4. Subsequently, in Case 6226, Visvabharathy represented instead that in October 2007 he moved to India and that his abode as of December 1, 2007, was 196/8 Asiad Colony, Anna Nagar West, Chennai 600 101 ("Chennai

Apartment"). See 3/13/08 Aff., ¶5. Visvabharathy now claims that he permanently moved to India on or about November 7th or 10th, 2007, and that he lives with his cousin's family who rents the Chennai Apartment. Vis. Tr., Pgs. 90-94. ***Visvabharathy has presented no documentary evidence from which his residency in India can be confirmed.*** He remains a United States citizen, and he has not registered in India. *Id.* at 15. He offers no affidavit or testimony from his cousin to confirm his purported residency at the Chennai Apartment. He does not pay rent or the utilities at the Apartment. *Id.* at 93, 104. While he has presented several bills for an air conditioner, computer, television, washing machine and refrigerator he reportedly purchased for the Chennai Apartment, they are for common use and he does not intend to take these items with him if he moves. *Id.* at 94-96. Copies of the bills are attached as Exhibit 12.

Nor does Visvabharathy's wife believe that he has permanently moved to India because of his business and family interests in the United States and because he told her he intends to return. Sastri Tr., Pgs. 94-96. Visvabharathy also has no recollection of ever informing anyone (or his creditors in the United States) that he has allegedly moved to India. Vis. Tr., Pgs. 127-128. While Visvabharathy testified that he moved to India to pursue business opportunities, he cannot identify a specific opportunity. *Id.* at 119-121. He did not, however, have time to decide what to do with his car (a 2003 Lexus) which he left at his place of business. *Id.* at 58. He continues, however, to run his United States operations through his company in Chicago and a sales support company he reportedly opened in India. He also remains available to return to the United States as necessary for his businesses and to see his children, he continues to use the same personal and business email addresses he used while in the United States, and he maintains bank accounts in Chicago. Vis. Tr., Pgs. 23, 43-46, 87-90, 118-121, 134-136.

## The Applicable Law

**A. A defendant has the burden of proof to rebut *prima facie* evidence of service by strong and convincing evidence.**

A signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by ***strong and convincing evidence***. *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Once a plaintiff has established a *prima facie* case, its burden is satisfied unless and until defendant comes forward with evidence sufficient to rebut plaintiff. *Garcia v. Cantu*, 363 B.R. 503, 510 (Bankr. W.D.Tex. 2006) (citing to *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003)). Plaintiff is entitled to have any conflicts in the affidavits or supporting materials resolved in its favor. *Purdue Research*, 338 F.3d at 783 (same in Rule 12(b)(2) context).

**B. A place shown to have once been a defendant's dwelling house or abode remains so unless the defendant demonstrates he abandoned that place.**

A place shown to have once been a valid "dwelling house" or "usual place of abode" remains so unless and until the party contesting service establishes that he has in fact abandoned that address. *Garcia*, 363 B.R. at 513. As such, a defendant contesting service has the burden of establishing that he in fact resides elsewhere as he has the best access to information regarding his actual place of residence or living arrangement. *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005) (instructing for same reason that movant may challenge service by demonstrating that the address served was incorrect). *See also Rosa v. Cantrell*, 705 F.2d 1208, 1216 (10th Cir. 1982) (finding defendant's mere statement that house where his wife and child lived was no longer his abode is not enough; rather, he had burden to show he in fact established a new abode).

**C. A person can have multiple dwelling houses or places of abode for purposes of service of process.**

A defendant carries this burden even if he provides evidence of another dwelling house or abode as an individual can have multiple dwelling houses or abodes if there is a reasonable nexus between the person and the place of service. *Garcia*, 363 B.R. at 512. This is particularly true in a highly mobile and affluent society where an overly literal interpretation of Rule 4 may thwart its purpose of ensuring that service is reasonably calculated to provide defendant with actual notice of the action. *Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994). *See also Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144, 149 (D.Ariz. 1970) (finding service proper at Arizona apartment where defendant's children lived as defendant left no forwarding address, paid the rent, did not disconnect the phone, left all furniture there, and received actual notice, even though he also presented evidence including a lease, rent receipts, checks and bank statements indicating he had a residence in California).

**D. Failure by a defendant to provide strong evidence in his possession that he changed his dwelling house or abode implies that he did not.**

Defendant must discharge his burden of proof by strong and convincing evidence. *O'Brien*, 998 F.2d at 1398. Under the adverse inference rule, a court may infer that when a defendant is in possession of strong evidence that he has changed his dwelling house or abode but chooses not to present it and instead opts for weak evidence, the strong evidence would have harmed the defendant's contention. *Garcia*, 363 B.R. at 513. A copy of a residential lease, a new voter registration, or income tax return showing defendant's address constitutes strong and obvious proof of a change of abode. *Garcia*, 363 B.R. at 514. Mere denial that an address is correct, even in a sworn affidavit, is generally insufficient. *Id.* at 513. So too is testimony from a witness that does not know the defendant's address and has never been to the alleged residence.

*Id.* at 513-14 (finding nephew's testimony that debtor moved from Texas to Mexico insufficient as nephew did not know debtor's alleged address in Mexico and had never seen the alleged apartment).

**E. A defendant that continues to utilize a former residence and holds it out as his own is also estopped from denying that it is a proper place of service.**

Furthermore, when a defendant continues to utilize a former residence and hold it out as his own, he is estopped from denying that it is his dwelling house or abode and thus a proper place of service, even if he has established another residence. *See, e.g., Jaffe and Asher*, 158 F.R.D. at 280 (defendant estopped from denying that service at his parent's house in New York was proper where *inter alia* he received mail and brokerage statements there, his mother forwarded the mail to him, and he sent letters to plaintiff showing the address). *See also Blackhawk Heating & Plumbing, Co. v. Turner*, 50 F.R.D. 144, 149 (D.Ariz. 1970) (finding service at Arizona apartment valid where defendant did not leave a forwarding address and did not disconnect the phone); *Garcia*, 363 B.R. at 513-14 (finding address listed on debtor's driver's license to be his abode where debtor did not change it).

## Argument

**A. Defendant has failed to carry his burden of proving by strong and convincing evidence that he established a new dwelling house or abode as of the Service Date, and that he abandoned the Marital Home.**

The law is clear that Visvabharathy carries the burden to demonstrate by strong and convincing evidence that he established a new dwelling house or abode, and that he abandoned the Marital Home as of the Service Date. *O'Brien*, 998 F.3d at 1398 (strong and convincing evidence required); *Garcia,* 363 B.R. at 513 (a once valid dwelling house or abode remains so unless defendant establishes he abandoned it). Visvabharathy has abjectly failed to do so, opting

for conclusory testimony and inconclusive evidence when definitive proof of residence such as a lease is well within his control and ability to produce.

1. **The evidence is abundant that the Marital Home is Visvabharathy's last known residence and he has not abandoned his ties to it.**

The evidence is abundant that the Marital Home is Visvabharathy's last known address and that he has not abandoned his ties to it as of the Service Date:

(a) Joint ownership of the Marital Home with his wife; Exhibit 3; Sastri Tr., Pgs. 56-57;

(b) Admission that the Marital Home was Visvabharathy's residence and that he lived there with his wife and children until at least summer 2006; Vis. Tr., Pg. 5;

(c) Multiple and uncorrected representations to the Divorce Court during and after summer 2006 that the Marital Home was Visvabharathy's residence and that he was responsible for paying his share of the Marital Home expenses; Sastri Tr., Pgs. 16-17;

(d) Visvabharathy's payment of the Marital Home expenses until some unspecified time in 2007; Sastri Tr., Pg. 118;

(e) Maintenance of Marital Home utility bills in Visvabharathy's name until the present time; Sastri Tr., Pgs. 47-49;

(f) Maintenance of Visvabharathy's mailing address at the Marital Home; Postmaster's Affidavit;

(g) Continued use of the Marital Home to receive personal mail, including investment checks, which Visvabharathy's wife forwards to him or makes arrangements with his office to pick up for him; Sastri Tr., Pgs. 59-63, 77-78;

(h) Mrs. Sastri's representation to the process server that Visvabharathy's mail was being delivered to the Marital Home and that he receives it whenever his office picks it up; Sastri Tr., Pgs. 16-17;

(i) Visvabharathy's and his wife refinance of the mortgage on the Marital Home in May 2007, almost one year after Visvabharathy claims to have moved out; Sastri Tr., Pgs. 56-57; Exhibit 9;

(j) Visvabharathy's and his wife's maintenance at the Marital Home of his "old clothes" and other personal items, to the present – almost two years after he claims to have moved out; Sastri Tr., Pgs. 81-84;

(k) Visvabharathy's maintenance of his share of the furniture at the Marital Home, which he may later claim as belonging to him; Sastri Tr., Pgs. 47-48.

*See Jaffe and Asher*, 158 F.R.D. at 280 (finding sufficient indicia of permanence and estoppel where defendant *inter alia* received mail at address served, including brokerage statements, that were forwarded to him, kept some clothes at place served, and represented to others that that was his residence); *Blackhawk Heating & Plumbing*, 50 F.R.D. at 149 (service proper at apartment where defendant's children lived as defendant had lived there, left no forwarding address, paid the bills, did not disconnect the phone, and left all furniture) *Garcia*, 363 B.R. at 513-14 (service proper where defendant held out residence by not changing driver's license).

**2. In addition to his continued ties to the Marital Home, Visvabharathy received actual notice of the lawsuit from his wife and lawyer.**

Furthermore, Visvabharathy received actual notice of this lawsuit from his wife who told him that the Complaint and summons had been served. *Blackhawk Heating & Plumbing*, 50 F.R.D. at 149 (looking to actual notice in combination with other factors). She also, at his direction, provided the Complaint and Summons to Visvabharathy's attorney, Mr. Collins. As such, both Visvabharathy's and his wife's affidavits that she did not provide him the Complaint and summons are misleading. See 2/13/08 Aff., ¶5; Sastri Aff., ¶6.

**3. Visvabharathy remains intimately tied to Chicago through his business and family interests and it is unlikely that he has permanently moved to India.**

In addition to his ties to the Marital Home, Visvabharathy's ties to Chicago are equally abundant, contradicting any notion that he has permanently moved to India. Visvabharathy's business interests and his children are here and by his own admission, "I can't cut off my ties." Vis. Tr., Pg. 89. He has a company in Chicago, he is actively developing projects in Chicago including the Pearson Street project, he left his car in Chicago, he has bank accounts in Chicago, he has multiple lenders to whom he owes millions of dollars, and he remains ready and able to

come to Chicago to take care of his business interests. Not even his wife believes that Visvabharathy permanently moved to India because of these ties and because he told her that he would be coming back to the United States. *See Garcia*, 363 B.R. at 513-14 (finding debtor had not permanently moved from Texas residence to Mexico because *inter alia* he had substantial professional ties to Texas).

**4. Visvabharathy has failed to sustain his burden of proof that he in fact established an abode at the La Grange Apartment.**

Against the evidence of his continuing use of and ties to the Marital Home, Visvabharathy makes largely conclusory assertions that he established a new abode at the La Grange Apartment, thereby negating service. See 2/14/08 Aff., ¶2; 3/13/08 Aff., ¶3. See also Sastri Aff., ¶3 (stating it is her "understanding" that he established an abode). There are many difficulties with Visvabharathy conclusory assertions on this front and he has failed to sustain his burden of proof that the La Grange Apartment was his abode as of the Service Date.

First, Visvabharathy's purported use of the La Grange Apartment from summer 2006 to October 2007 is not dispositive of the issue of his actual abode on December 1, 2007 – the date of service. As such, and in light of his continued use and holding out of the Marital Home to this day, matters pertaining to the La Grange Apartment are largely irrelevant to resolution of the matter at issue – whether the Marital Home was a proper place of service on the Service Date.

Second, Visvabharathy relies on largely conclusory statements by himself and his wife that he established the La Grange Apartment as his abode during this time. *While Visvabharathy claims to have leased the Apartment in his name, he chose not to provide his lease from which his assertions could be verified.* Such evidence was well within his control and ability to produce. He chose not to do so. See *Garcia*, 363 B.R. at 512-14 (mere denial of residence, even by sworn affidavit is insufficient; debtor failed burden by failing to produce strong evidence such

as a lease that he had established residence in Mexico). Nor did he change his mailing address from the Marital Home to the La Grange Apartment. *Blackhawk Heating & Plumbing*, 50 F.R.D. at 149 (defendant left no forwarding address); *Garcia*, 363 B.R. at 513-14 (debtor did not change address on his driver's license). Nor is his wife's testimony credible as she has never been to the La Grange Apartment. *Id.* (finding nephew's testimony that debtor lived in Mexico with his girlfriend insufficient as he did not know where debtor lived and had never seen the apartment).

Against the weight of this evidence tying him to the Marital Home, Visvabharathy presents a mere two bills addressed to him in September and October 2007 at the La Grange Apartment. While these bills constitute some evidence of potential residency, they are far from conclusive of the matter (such as his lease would have been), particularly in light of the fact that Defendant and his wife have maintained the Marital Home utility bills in Visvabharathy's name. In short, Visvabharathy has failed to produce any conclusive evidence that would have established the La Grange Apartment as his residence from summer 2006 to October 2007, and he has failed to carry his burden of proof with respect to this alleged residence.

**5. Visvabharathy has failed to prove that the Chennai Apartment is his abode, or anything other than a place to stay while avoiding service.**

Visvabharathy has also failed to present strong and convincing evidence that the Chennai Apartment is his permanent dwelling house or abode as of the Service Date. As with the La Grange Apartment, Visvabharathy relies on his own uncorroborated affidavit and testimony that he permanently moved to India. Visvabharathy provides no evidence such as airline tickets or passport information substantiating that he in fact went to India on November 7th or 10th, 2007, as he claims and remained there through the Service Date. He does not lease the Chennai Apartment, pay rent or utility bills there. Visvabharathy claims he lives in the Apartment with

his cousin's family, but he does not provide testimony or even an affidavit from them confirming his residence. He presents no conclusive documentary evidence from which his assertions can be confirmed such as registration with the Indian authorities, an Indian driver's license listing the Chennai Apartment as his residence, tax forms or any other such documents. Nor does his wife believe that he permanently moved to India given his business and family interests in the United States and because he told her he would be coming back.

Against this lack of evidence, Visvabharathy provides several bills for items he claims to have ordered for the Chennai Apartment in November and December 2007. While these bills provide some evidence of potential residence, they are far from dispositive as they do not conclusively establish his residence at the Apartment, he purchased the items for common use, and the items are more in the nature of gifts as he has no intention of taking them with him should he move back to the United States. In short, Visvabharathy has failed to sustain his burden of proof as he presents no conclusive evidence from which his assertion of abode at the Chennai Apartment on the Service Date can be confirmed. Rather, the evidence indicates that the Chennai Apartment is likely nothing more than a place to stay while he avoids service in the United States, or perhaps a second but not exclusive address at which service may be proper.

**B. Visvabharathy is also estopped from denying the Marital Home as his abode and as a proper place of service given his continued use of and holding out of the Marital Home as his residence.**

In addition, Visvabharathy's continued use and holding out of the Marital Home as his residence estops him from denying that it is a proper place of service, even if he no longer lives there and might have established other residences. Visvabharathy did not change his mailing address from the Marital Home, he continues to use and hold it out as his residence as he continues to receive mail there, including investment checks, which his wife forwards to him or

which his office picks up. Mrs. Sastri represented to the process server that Visvabharathy receives his mail there. Visvabharathy and his wife have maintained the utility bills in his name. They have allowed the Divorce Court to enter orders identifying the Marital Home as Visvabharathy's residence, that he is responsible for his share of the expenses there, and they have taken no steps to correct these representations, including during and after summer 2006 when he claims to have moved out of the Marital Home.

In short, Visvabharathy has held out and continues to hold out the Marital Home as his residence and he continues to use it for such basic matters as the mail. Under such conditions, he is estopped from denying that it is his residence and a proper place of service. *See Jaffe and Asher*, 158 F.R.D. at 280 (defendant estopped from denying that service at his parent's house in New York was proper where *inter alia* he received mail and brokerage statements there, his mother forwarded the mail to him, and he sent letters to plaintiff showing the address); *Garcia*, 363 B.R. at 513-14 (address listed on debtor's driver's license his abode where he did not change it); *Blackhawk Heating & Plumbing*, 50 F.R.D. at 149 (service at Arizona apartment valid where defendant did not leave forwarding address and did not disconnect phone).

**CONCLUSION**

On the thin evidence of simply saying that he has moved out of the country, Defendant has been able to delay his having to file a response to the complaint for in excess of four months – a complaint based on the failure to pay under an unconditional personal guaranty. It is undisputed that for reasons not adequately explained, Defendant fled the country a week after the filing of this lawsuit claiming that he was now living in India despite being in the midst of a multi-million dollar real estate development in downtown Chicago, a divorce that has not been concluded as well as various other ties, both financial and otherwise, that have not been severed.

Based on the foregoing, Plaintiff's Motion for Default should be granted and Defendant's Motion to Quash Service of Summons denied.

WHEREFORE, Indymac Bank, F.S.B., respectfully requests that the Court:

A. Grant its Motion for Default Against Visvabharathy;

B. Deny Visvabharathy's Motion to Quash Service;

C. Set a date for prove up of damages; and

D. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
INDYMAC BANK, F.S.B.

By: ______________________
One of Its Attorneys

Gary I. Blackman (ARDC #6187914)
James G. Martignon (ARDC #6277974)
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, IL 60602
(312) 346-8430 – Telephone
(312) 346-8434 – Facsimile
gblackman@lplegal.com
jmartignon@lplegal.com