# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6224 | **DATE** | 5/5/2008 |
| **CASE TITLE** | Indymac Bank F.S.B. vs. Ganesan Visvabharathy, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, Indymac's motion for an order of default against Ganesan Visvabharathy [doc. no. 13] is denied.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Indymac Bank F.S.B. has sued Ganesan Visvabharathy for his alleged breach of guaranty. The case is before the Court on plaintiff's motion for entry of an order of default against Visvabharathy.[1] For the reasons set forth below, the motion is denied.

"The Illinois Supreme Court has held that an affidavit of service constitutes prima facie evidence of proper service." *Torrespico v. Columbia Coll.*, No. 97 C 8881, 1998 WL 703450, at *5 (N.D. Ill. Sept. 30, 1998). Indymac has filed such an affidavit as to Visvabharathy, which says that he was served on December 1, 2007 by leaving a copy of the summons and complaint with his wife Suriya at his abode, 7529 Ridgewood Lane, Burr Ridge, Illinois 60527. (*See* Aff. Abode Serv.) That affidavit "will not be set aside unless [it] is impeached by clear and satisfactory evidence." *Id.* (quotation omitted).

Visvabharathy contends that he moved out of 7529 Ridgewood Lane in the summer of 2006 and, thus, it was not his abode on December 1, 2007 when he was purportedly served there. "There is a rebuttable presumption that the house where a man's wife and children reside is his usual place of abode." *United Bank of Loves Park v. Dohm*, 450 N.E.2d 974, 976 (Ill. App. Ct. 1983) (quotation omitted). Among the factors the Court considers to determine whether that presumption has been rebutted are:

> the state of the marriage at the time of service, the frequency of the husband's contacts with the house in which the family has been residing, the defendant's intent or lack of intent to abandon this residence permanently or to move his family elsewhere, whether the defendant has removed his personal belongings from this residence, the defendant's address for voter registration, driver's license, mail delivery and other purposes, and whether the wife and children continue to live at the residence.

*Id.*

The facts adduced in this case are sufficient to rebut the presumption. Both Visvabharathy and his wife, Suriya Sastri, testified that: (1) she filed for divorce in February 2006 (App. Exs. Visvabharathy's Mem. Supp. Resp. Mot. Default, Ex. A, Visvabharathy Dep. at 5; *id.*, Ex. B, Sastri Dep. at 10); (2) he moved out of the Burr Ridge house in the summer of 2006 (*id.*, Ex. A, Visvabharathy Dep. at 6; *id.*, Ex. B, Sastri Dep. at 10, 49); (3) for some time thereafter, he lived in an apartment at 400 South Catherine in LaGrange, Illinois (*id.*, Ex. A, Visvabharathy Dep. at 6-9; *id.*, Ex. B, Sastri Dep. at 13); (4) during the time he lived in LaGrange, Visvabharathy returned occasionally to the Burr Ridge home to pick up or visit his children and stayed there with the children for about a month at the end of 2006 while his wife was in India (*id.*, Ex. A, Visvabharathy Dep. at 7, 10; *id.*, Ex. B, Sastri Dep. at 10, 63-64); and (5) at some point during the fall of 2007, Visvabharathy moved in with his cousin at 196/8, Asiad Colony, Anna Nagar West, Chennai 600 101, India, which is where he was living on December 1, 2007 (*id.*, Ex. A, Visvabharathy Dep. at 14; *see id.*, Ex. B, Sastri Dep. at 93-94; Pl.'s Evidentiary Hr'g Br. Supp. Mot. Default, Ex. 8, Visvabharathy Aff. of 3/13/08 ¶ 5). Moreover, defendants have offered copies of utility bills addressed to Visvabharathy for services at the LaGrange apartment for August and September 2007 and receipts for appliance purchases Visvabharathy made in India in November and December 2007 that are addressed to him at the Chennai address. (*See* App. Exs. Visvabharathy's Mem. Supp. Resp. Mot. Default, Ex. A, Visvabharathy Dep., Exs. 1, 2 & 4.)

As plaintiff points out, these are not the only facts in the record. But the others do not dictate a different result. The facts, for example, that title to the Burr Ridge home remains in both Visvabharathy and Sastri's names and some of the utilities are still in Visvabharathy's name shed no light on whether he was living in the house on December 1, 2007, especially given the undisputed pendency of the divorce proceedings. (*See* Pl.'s Evidentiary Hr'g Br. Supp. Mot. Default, Ex. 9, Real Property Transaction Record.) Similarly innocuous is the couple's representation to the

---

[1] The Court previously granted Indymac's motion for an order of default against defendant Hawthorne Orlando Corporation. (*See* 4/15/08 Min. Order.)

divorce court in June 2006 that Visvabharathy was then living in the Burr Ridge home, given their testimony that he moved out later that summer. (*See id.*, Ex. 6, Cir. Ct. Order of 6/29/06.)  The only facts that undermine Visvabharathy's contention are that he did not change his mailing address with the U.S. Postal Service after he moved from Burr Ridge and he left "some old clothes and books" there. (*See id.*, Ex. 2, Postmaster Aff.; App. Exs. Visvabharathy's Mem. Supp. Resp. Mot. Default, Ex. A, Visvabharathy Dep. at 9; *id.*, Ex. B, Sastri Dep. at 82.) However, given the otherwise overwhelming evidence that Visvabharathy was not actually living in the Burr Ridge home on December 1, 2007, those facts do not defeat his contention that it was not his abode on that date.

## **Conclusion**

For the reasons stated above, the Court finds that plaintiff did not properly serve Visvabharathy on December 1, 2007.  Plaintiff's motion for an order of default as to Visvabharathy [doc. no. 13] is, therefore, denied.  If plaintiff wishes to proceed against Visvabharathy, it must serve him at 196/8, Asiad Colony, Anna Nagar West, Chennai 600 101, India, which Visvabharathy has now said under oath is his current abode.